**UNITED STATES of America**

**v.**

**"2000 PLASTIC TUBULAR CASES, MORE OR LESS, Each Containing 2 TOOTHBRUSHES and a Leaflet Labeled in Part: (Case) 'Toothbrush Dr. Knox's Gum Brush Training Kit Conquerer of Gum Disease Trench Mouth Pyorrhea Two Brushes and Instructions * * * Cancer Seldom Occurs in a Mouth Correctly Brushed From Youth. * * * Knox Gum Brush Co., Shamokin, Pa.' ", (Leaflet in Case) "Read Before Using * * * Instructions * * *" and "500 Display Cards, Reading in Part: Did You Know the Toothbrush was Misnamed? * * *",**

**Dr. E. J. Knox, Appellant.**

**No. 15041.**

United States Court of Appeals Third Circuit.

Argued March 4, 1965.

Submitted July 24, 1965.

Decided Sept. 29, 1965.

Rehearing Denied Nov. 30, 1965.

E. J. Knox, pro se.

Carlon M. O'Malley, Jr., Asst. U. S. Atty., Scranton, Pa., Bernard J. Brown, U. S. Atty., Scranton, Pa., for appellee.

Before BIGGS, Chief Judge, and FORMAN and FREEDMAN, Circuit Judges.

PER CURIAM.

We delayed the disposition of this appeal to the end that the question raised by this court *sua sponte* as to whether the proceedings in the court below to condemn the seized articles and materials, toothbrushes and accompanying instructions and literature, were conducted properly in the light of One 1958 Plymouth Sedan v. Com. of Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), in view of the facts that the claimant, Dr. E. J. Knox, his attorney having died, conducted the case on behalf of the seized articles and materials himself and that he is not a member of the bar or learned in the law. This question has now been briefed and considered. A motion for summary judgment was made by the United States pursuant to Rule 56, Fed.R.Civ.Proc. 28 U.S.C., and was granted by the court below. The appeal at bar is from this judgment.

We are of the opinion that forfeiture proceedings under 21 U.S.C.A. § 334, such as those at bar, are independent of a criminal proceeding and may be effected without regard to any person's criminal responsibility under 21 U.S.C.A. § 331 and its penalty section, § 333. Under the Pennsylvania statute, 47 P.S. § 6–601 (1964 Cum.Supp.), which was before the Supreme Court in the Plymouth Sedan case, it appeared that there was a guilty transporting or possession of illicit alcohol, contraband. In the light of the contrasting circumstances we cannot perceive how the proceedings against the seized articles and materials in the case at bar can be regarded as presenting an analogy to or coming within the purview of the ruling of the Supreme Court in One 1958 Plymouth Sedan v. Com. of Pennsylvania, supra. Cf. Section 334, Title 21 U.S.C.A., and E. F. Prichard Co. v. Consumers Brewing Co., 136 F.2d 512, 526 (6 Cir. 1943).

On reviewing the entire record we find the court below did not commit error in granting summary judgment. Consequently, the judgment appealed from will be affirmed.